IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARGEBETH BOYCE,<br><br>        Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, Commissioner of<br>Social Security,<br><br>        Defendant. | CV 05-855-MO<br><br>OPINION AND ORDER |

**MOSMAN, J.,**

### INTRODUCTION

Plaintiff Margebeth Boyce brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision is AFFIRMED and the case is DISMISSED.

### BACKGROUND

Ms. Boyce was born on July 22, 1954. She attended high school and received a two-year clerical certificate from a community college. Her past work includes record clerk, housekeeper, dish washer, line worker, and child care worker. Ms. Boyce's last employment was working as a housekeeper in a casino. She left the casino in June 1999 due to an inability to physically

perform the job duties. Ms. Boyce alleges disability due to arthritis and low back pain, beginning in 1999.

Ms. Boyce filed for disability benefits on July 29, 1999. The claim was denied and an administrative hearing was held on July 19, 2001. The Administrative Law Judge ("ALJ") issued an unfavorable decision, which was appealed to the district court. The case was remanded back to the Social Security Administration for further evaluation of the medical opinions and claimant's testimony upon a motion by the Commissioner. A second administrative hearing was held on September 16, 2004, and the ALJ found Ms. Boyce not disabled on February 23, 2005. After sixty days, she appealed directly to this court pursuant to 20 C.F.R. § 416.1484.

## **DISABILITY ANALYSIS**

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C § 423(d)(1)(A).

The Commissioner has established a sequential process of up to five steps for determining whether a person over the age of 18 is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Ms. Boyce challenges the ALJ's determination at the fourth step of this process.

For the purposes of step four, the Commissioner must assess the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations

imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545; Social Security Ruling ("SSR") 96-8p, 1996 WL 374184.

At step four, the ALJ must determine whether the claimant retains the RFC to perform past relevant work. A claimant will be found not disabled if she retains the RFC to perform the "actual functional demands and job duties of a particular past relevant job" as she performed it, or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." SSR 82-61, 1982 WL 31387.

## THE ALJ's FINDINGS

The ALJ found that the medical evidence indicated Ms. Boyce has "musculoskeletal impairments (nonspecific arthralgias and a recent episode of lateral epicondylitis (tennis elbow)) which are 'severe' within the meaning of the Regulations." Tr. 317. These impairments do not meet a listing. Further, the ALJ found Ms. Boyce retains the RFC to perform a "full range of light exceptional level work." Tr. 318, 319.

The ALJ elicited testimony from an impartial vocational expert ("VE") who determined Ms. Boyce's past work experiences as a record clerk and child monitor were light exertion level work. Tr. 59, 319, 500. The ALJ concluded Ms. Boyce could perform her past relevant work and she was not disabled within the meaning of the Social Security Act.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such

3 - OPINION AND ORDER

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in the medical testimony, and resolving ambiguities." *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. *Batson*, 359 F.3d at 1193. The Commissioner's decision must be upheld, even if the "evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## DISCUSSION

There is no dispute regarding the first three steps of the disability determination made by the Commissioner. At step four, the ALJ determined that Ms. Boyce had the RFC to perform light level exertional work. The Commissioner classifies occupations by exertional level, as defined in 20 C.F.R. § 404.1567, and by skill level, as defined in 20 C.F.R. § 404.1568. For information about the requirements of work, the Commissioner relies primarily on the Department of Labor publication *Dictionary of Occupational Titles* ("DOT") including its companion publication, *Selected Characteristics of Occupations*. 20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(b); *see also* SSR 00-4p, 2000 WL 1898704. A VE may be used to provide more specific information about the requirements of a particular job as it is performed in a particular setting. SSR 00-4p. A VE testified at the administrative hearing regarding Ms. Boyce's past relevant work. Ms. Boyce challenges the ALJ's determination that she can perform past relevant work as a records clerk (light, SVP2, semiskilled) and child monitor (light, SVP2, unskilled).

**I. Past Relevant Work As Records Clerk**

The Commissioner has conceded Ms. Boyce's work as a records clerk occurred too long ago to be considered past relevant work. "Work experience is considered relevant if it was done within the last fifteen years, lasted long enough for [claimant] to learn to do it, and was substantial gainful activity." *Vertigan v. Halter*, 260 F.3d. 1044, 1051 (9th Cir. 2001); *see also* 20 C.F.R. § 404.1565(a). The first hearing in this case was July 19, 2001, and to qualify as past relevant work in this case, the work must have occurred after July 1986. Ms. Boyce's employment as a records clerk ceased in April 1986. Ms. Boyce does not have past relevant work as a records clerk.

**II. Past Relevant Work as Child Monitor**

Ms. Boyce challenges the ALJ's determination that her work as a child care provider (child monitor) constitutes past relevant work. She alleges that (1) her work as a child monitor was not performed at the level of substantial gainful activity, (2) a child monitor is defined by the DOT as medium level exertional work, and (3) her actual work as a child monitor constituted more than eight hours of work in one day.

    A. <u>Substantial Gainful Activity</u>

Substantial gainful activity ("SGA") is work that involves doing significant physical or mental activities and for which one ordinarily gets paid. 20 C.F.R. § 404.1572. Ms. Boyce reported that she worked as a child monitor from August 1987 through September 1991. Tr. 103, 115, 120. During this period, she reported earning $200 per week, or $800 a month, and working eight hours a day, five days a week. Between 1980 and 1989, SGA was regarded as activity that earned $300 or more per month. 20 C.F.R. § 404.1574, tbl. 1. Between 1990 and 1999, SGA was regarded as activity that earned $500 or more per month. *Id.*

Earning $800 a month during this time period clearly constitutes SGA. However, Ms. Boyce's earnings record shows no earnings for the years 1988 through 1991. Ms. Boyce asserts that this could mean that her work was sporadic during this time and that she did not average enough income each month to meet an SGA level. She further asserts that the Work History Report she signed did not provide for space to explain whether a job was sporadic or continuous. This argument is unpersuasive. Ms. Boyce clearly indicated on her Work History Report whether a job was paid hourly, weekly, or monthly. Tr. 103. She did this by writing "outside" the lines of the chart on the form. *Id.* She could easily have used the same method to indicate the job was sporadic.

At the administrative hearing on July 19, 2001, Ms. Boyce testified:

> Q. Okay. And that's the -that's - was the nanny's job. You did that from '87 to '91. Was that for the one family the whole time?
> A. Yes, it was.
> Q. Okay. And were they friends or relatives, or just somebody you just knew?
> A. Just somebody I knew and I answered her ad in the paper.
> Q. Okay. And what'd [sic] you do - showed - did they both - she worked - you showed up at the house during, in the morning, and went home at night, or what?
> A. Right, She, she, I think she worked a graveyard shift most of the time, so she was sleeping during the day and I was taking care of the smallest child during the day and the housework.
> Q. Okay. Was that pretty much a full time -
> A. Yes.
> Q. -five days a week, eight hours a day?
> A. Yes.

Tr. 61.

Ms. Boyce's written reports of working full time from 1987 to 1991 are consistent with her testimony at the hearing that she worked full time during this period. Ms. Boyce's reports and testimony are substantial evidence that supports the ALJ's finding. *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001) ("Substantial evidence is relevant evidence that, considering the entire

6 - OPINION AND ORDER

record, a reasonable person might accept as adequate to support a conclusion."). The ALJ did not err in finding Ms. Boyce's past work as a child monitor was performed at SGA levels.

    B. <u>Exertion Level</u>

The ALJ determined that Ms. Boyce's RFC was to perform light level work. Light level work is defined as:

> lifting no more than 20 pounds at a time with and frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."

20 C.F.R. § 404.1567(b). Ms. Boyce indicated on her Work History Reports that the heaviest weight she lifted as a child monitor was 20 pounds and she frequently lifted ten pounds. Tr. 120. She also stated she took care of three children, did the housework and laundry, and took the children to their appointments. *Id.* The VE testified regarding Ms. Boyce's past work at the administrative hearing: "We have child care work from August of 1987 through September of '91. Child monitor is the appropriate title for this work. It's unskilled, entry level at an SVP of 2. It was light duty." Tr. 59.

Ms. Boyce asserts that the current listing for child monitor in the DOT is medium level work and that medium level work is beyond the limitations of her RFC.[1] However, before making a determination whether a claimant can perform a past relevant job as currently performed in the national economy, a determination is made whether the claimant retains the RFC to perform the functional demands and job duties of a past relevant job as she actually performed it. SSR 82-61, 1982 WL 31387; SSR 96-8p, 1996 WL 374184.

---

[1]*See Dictionary of Occupational Titles* 301.677-010 (4th ed. rev. 1999), *available at* http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTO3A.htm.

Ms. Boyce's signed statements and testimony are that she worked as a child monitor for eight hours a day. Tr. 61, 120. Her Work History Reports have a section for stating the total hours worked in a day and the number of days worked each week for each past job. Ms. Boyce reported that she worked either eight or six hours a day in her former jobs. Tr. 115-22. Her Work History Reports also contain a section listing ten various activities, such as walking, kneeling, stooping, crouching, and standing. In reporting the time spent doing these activities, when the times for each activity are added all together, Ms. Boyce indicated between 14 and 27 hours in a day for her past work, including 22 hours as a child care worker. *Id.* She now asserts this means she worked more than eight hours a day as a child monitor, which exceeds light level work. SSR 96-9p. It is not credible that she meant to indicate on the Work History Report that she worked 27 or 22 hours in a single day at her various jobs. She may have meant the activities were contemporaneous with each other, or that she was giving some kind of weight to the activities, or that she simply misunderstood what was being asked. In examining the record as a whole, there is no other evidence to indicate that Ms. Boyce worked longer than an 8-hour day in her past employment. *Howard v. Heckler*, 782 F.2d 1484, 1487 (9th Cir. 1986).

Ms. Boyce has stated in her reports and testimony that she performed her job as a child care monitor at a light exertion level. Tr. 61, 120. Her RFC is to perform work at a light exertion level. A claimant will be found to be not disabled when it is determined that she retains the RFC to perform the functional demands and job duties of a past relevant job as she actually performed it. SSR 82-61. The ALJ did not err in determining that Ms. Boyce could perform past relevant work as a child monitor and thus is not disabled within the meaning of the Social Security Act.         .

8 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, the ALJ's decision that Ms. Bryce does not suffer from a disability and is not entitled disability insurance benefits under Title II of the Social Security Act is based on correct legal standards and supported by substantial evidence. The Commissioner's final decision is AFFIRMED and the case is DISMISSED.

IT IS SO ORDERED.

DATED this __15th__ day of May, 2006.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

9 - OPINION AND ORDER